IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
Central Division

| | |
|---|---|
| KYMBERLEY QUINLAN,<br><br>Plaintiff,<br><br>v.<br><br>ING USA ANNUITY AND LIFE INSURANCE COMPANY, also d/b/a ING and ING US Financial Services and/or ING North America Insurance Company , DONNA MILLER-WOLGAMUTH,<br><br>Defendants. | Case No. ________________<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff, Kimberley Quinlan, and for her cause of action against the Defendants ING USA Annuity And Life Insurance Company, also d/b/a ING and ING US Financial Services and/or ING North America Insurance Company , (hereinafter "ING"), and Donna Miller-Wolgamuth and respectfully states as follows:

1. This is an action by Plaintiff, Kymberley Quinlan, against the Defendants for violation of her rights under the Family Medical Leave Act of 1993, as amended, 29 U.S.C. §2601 *et sec* (sometimes referred to herein as "FMLA").

2. At all times pertinent hereto the Plaintiff, Kymberly Quinlan is and was an individual and resident of the State of Iowa.

3. At all times pertinent hereto the Defendant, ING a/k/a "ING", was and is a corporate entity with a place of business in and conducting business in Polk County Iowa. At various times herein the Defendant ING has done business as or allowed itself to be known as ING USA Annuity and Life Insurance Company, ING, ING US Financial Services and/or ING North America Insurance Company.

4. At all times pertinent hereto the Defendant Donna Miller-Wolgamuth, was an individual and resident of the State of Iowa, and worked for the Defendant ING as a supervisor of Plaintiff in Polk County, Iowa.

5. The actions complained of herein took place in Polk County, Iowa, and involve questions of federal law. This Court has jurisdiction of this action pursuant to the provisions of 29 U.S.C. §2617 and 28 U.S.C. §1331 and has jurisdiction over state claims alleged herein under 28 U.S.C. 1367. Venue is proper in this Court under 28 U.S.C. §1391(b).

6. From April 26, 2001 to the present, the Plaintiff was and is an employee of the Defendant ING.

7. The Plaintiff was an “employee” of Defendant ING within the meaning of 29 U.S.C. §2611(2)(A) during the relevant time periods.

8. The Defendant ING is an employer within the meaning of 29 U.S.C. §2611(4)(A).

9. In or about November, 2003, the Plaintiff informed the Defendants of serious health conditions that required ongoing medical care, including a need for intermittent care and leave from work, and were serious health conditions within the meaning of the Family Medical and Leave Act.

10. From and after November, 2003, the Defendant was fully aware that Plaintiff had Family Medical and Leave Act related issues that required her to be gone from work.

11. Since November, 2003, the Defendants have engaged in a wrongful course of conduct wherein Plaintiff was transferred from her normal work position, placed on probation, denied raises, denied overtime and otherwise disciplined due to her use of and assertion of her rights under the Family Medical Leave Act and in that the Defendants wrongfully took into consideration, wrongfully utilized and wrongfully penalized the Plaintiff for having taken FMLA leave.

12. The conduct of the Defendants were wrongful and in violation of the Plaintiffs rights in that they were:

a. In violation of 29 U.S.C. §§2612-2615, and were:

i. In violation of the FMLA;

ii. In retaliation for her having exercised her FMLA rights;

iii. In discriminating against her for having utilized her FMLA rights;

iv. Based upon a pretext used solely to justify disciplining her.

b. Acts constituting intentional infliction of emotional distress; and/or

c. Such other legal theories as would exist under these facts alleged or proved.

13. As a direct result of the unlawful actions of the Defendant, the Plaintiff has suffered loss of position and employment, wages and benefits, emotional distress and other compensatory damages.

14. The conduct of the Defendants in relation to violating Plaintiff's FMLA rights herein was willful.

15. The conduct of the Defendants in relation to violating Plaintiff's FMLA rights was such as to entitle the Plaintiff to liquidated and/or punitive damages in such an amount as is reasonable and proper and allowable under law.

16. The Plaintiff has had to incur reasonable attorney fees and expenses and will do so in the future.

WHEREFORE the Plaintiff respectfully requests and prays that the Court:

A. Enter judgment that Defendant's wrongful course of conduct including transfer of position, imposition of probation, denial of raises, other discipline and termination

of Plaintiff violated 29 U.S.C. §§ 2612-2615 of the Family Medical Leave Act of 1993;

B. Issue a mandatory injunction pursuant to 29 U.S.C. §2617(1)(B) and direct the Defendant to not retaliate against the Plaintiff in relation to her employment position;

C. Issue a mandatory injunction pursuant to 28 U.S.C. §2617(1)(B) directing the Defendant to allow Plaintiff intermittent FMLA leave as required by statute;

D. Issue a mandatory injunction pursuant to 29 U.S.C. §2617(1)(B) directing Defendant to reinstate all of Plaintiff's employment benefits she may have been denied;

E. Enter judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(I)(II) against Defendant in favor of Plaintiff for the monetary losses Plaintiff has sustained as a direct result of Plaintiff's loss of FMLA rights including any and all emotional damages incurred as a result of actions violating or retaliating against Plaintiff in regard to Plaintiff's assertion of FMLA rights;

F. Enter a judgment pursuant to 29 U.S.C. §2617(a)(3) against the Defendant in favor of Plaintiff for reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

G. Enter a judgment against Defendant for such liquidated and/or punitive damages as the may be just and proper under the law; and

H. Award Plaintiff such further and additional relief, including loss of future pay and/or front pay, as the Court may deem just and proper.

**JURY DEMAND**

COMES NOW the Plaintiff, Kymberley Quinlan, and hereby demands a trial by jury of all issues properly able to be tried to a jury.

Respectfully Submitted,

By: ________________________________

Bruce H. Stoltze (PK 0005352)
BRICK, GENTRY, BOWERS, SWARTZ, STOLTZE, SCHULING & LEVIS, P.C.
550 39th Street, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 274-1450
Facsimile: (515) 274-1488
E-mail: bruce.stoltze@brickgentrylaw.com
ATTORNEY FOR PLAINTIFF

ORIGINAL FILED.