IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KYMBERLEY QUINLAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:05-CV-449 |
| | ) | |
| v. | ) | |
| | ) | |
| ING USA ANNUITY AND LIFE INSURANCE COMPANY, also d/b/a ING and ING US Financial Services and/or ING North America Insurance Company, DONNA MILLER-WOLGAMUTIL, | ) ) ) ) ) | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |
| | ) | |
| Defendants. | ) | |

COME NOW the Defendants, ING USA Annuity and Life Insurance Company, also d/b/a ING and ING US Financial Services and/or ING North America Insurance Company, and Donna Miller Wolgamuth, and for answer to Plaintiff's Complaint and Jury Demand, state as follows:

1. Defendants admit Plaintiff has brought this action pursuant to the statute as articulated in paragraph 1 of the Complaint. Defendants deny Plaintiff has been deprived of any rights secured under the applicable statute.

2. Defendants admit the allegations contained within paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that ING is a corporate entity that conducts business in Polk County, Iowa. While ING has various corporate entities that conduct business in the State of Iowa, the corporate entity of which the Plaintiff was employed is ING USA Annuity and Life Insurance Company.

4. Defendants admit the allegations contained within paragraph 4 of Plaintiff's Complaint.

5. Defendants admit that jurisdiction and venue are proper pursuant to the statutes designated in paragraph 5 of Plaintiff's Complaint. Defendants deny that any unlawful employment practices occurred pertaining and/or relating to Plaintiff.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that Plaintiff had conversations with a representative of Defendants within the applicable time period related to a potential health issue for Plaintiff, but deny the remaining allegations contained within paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12, and all subparts thereof, of Plaintiff's Complaint.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed and all costs associated thereto be assessed against Plaintiff.

AFFIRMATIVE DEFENSES

Defendants state for their Affirmative Defenses as follows:

1. Plaintiff's causes of action asserted in the Complaint otherwise fail to state a claim upon which relief can be granted.

2. No action taken by Defendants with respect to Plaintiff was done with malice or any willful, wanton or reckless disregard for Plaintiff's rights.

3. Any employment action taken against Plaintiff was for legitimate non-discriminatory reasons, and wholly unrelated to any of Plaintiff's rights under the FMLA.

4. Plaintiff is not entitled to recover emotional distress damages or punitive damages under the FMLA.

5. Plaintiff did not suffer from a "serious health condition" and, therefore, is not entitled to the protection under the FMLA.

6. As an individual plaintiff, Plaintiff is not entitled to the relief of "mandatory injunctions".

7. There is no causal connection between any alleged "protected activity" by Plaintiff and any employment action undertaken by Defendants.

8. Pending the conclusion of further discovery and investigation, Defendants respectfully reserve the right to plead other and additional defenses that may be necessary and proper to the full defense of this litigation.

/s/ Mark D. Aljets
Mark D. Aljets          PK0007872
Mary E. Funk          PK0015058
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
700 Walnut, Suite 1600
Des Moines, Iowa 50309-3899
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
E-Mail: mda@nyemaster.com
mef@nyemaster.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2005, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to participating lawyers entered in this case.

Bruce H. Stoltze
Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C.
550 – 39th Street, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 274-1450
Facsimile: (515) 274-1488
E-mail: bruce.stoltze@brickgentrylaw.com
ATTORNEY FOR PLAINTIFF

/s/ Mark D. Aljets
Mark D. Aljets          PK0007872
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
700 Walnut, Suite 1600
Des Moines, Iowa 50309-3899
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
E-Mail: mda@nyemaster.com
ATTORNEY FOR DEFENDANTS